# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1995
_____

Stansel Alexander Prowse, now known as Ka'Torah Arya Sage Prowse

*Plaintiff - Appellant*

v.

Walter Washington, Lieutenant, VSM, ADC; Ned Buttler, Sergeant, VSM, ADC

*Defendants - Appellees*

Brian Perkins, Sergeant, VSM, ADC; John Does, 1-3, Correctional Officer, VSM, ADC

*Defendant*s
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: June 15, 2021
Filed: August 18, 2021
_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

Paperwork sometimes gets misplaced, or so says Ka'Torah Prowse. Although prison officials claim that Prowse initially failed to submit a complete administrative

appeal, she maintains that she did and has a dated document to prove it. This is a classic dispute for a factfinder to resolve, which is why we reverse the grant of summary judgment and remand for further proceedings.

## I.

Prowse, an Arkansas inmate, claims that Lieutenant Walter Washington and Sergeant Ned Buttler assaulted her to the point of unconsciousness. She filed an internal complaint, but her attempts at both informal and formal resolution were unsuccessful.

Having reached an impasse, Prowse decided to file an administrative appeal. She first submitted a complete package of documents dated August 16, 2019, which prison officials claim they did not receive or review until August 28. She also submitted one of the attachments a second time, allegedly on August 22, but prison officials reviewed it first, on August 27. The lone attachment was rejected as incomplete and the complete package as "duplicat[ive]." Prowse's position is that prison officials reviewed the documents out of sequence.

After Prowse filed a lawsuit against Lieutenant Washington and Sergeant Buttler, among others, *see* U.S. Const. amend. VIII; 42 U.S.C. § 1983, the focus soon turned to whether she had exhausted her administrative remedies. The district court said no and, adopting a magistrate judge's report and recommendation, granted summary judgment to the defendants. *See* 42 U.S.C. § 1997e(a).

## II.

We review the district court's decision to grant summary judgment de novo. *Tonelli v. United States*, 60 F.3d 492, 494 (8th Cir. 1995). "Summary judgment [was] appropriate [if] the evidence, viewed in [the] light most favorable to [Prowse], shows no genuine issue of material fact exists and [the officials were] entitled to

judgment as a matter of law." *Phillips v. Mathews*, 547 F.3d 905, 909 (8th Cir. 2008) (quotation marks omitted).

Under the Prison Litigation Reform Act, a prisoner who wishes to challenge the conditions of confinement must typically exhaust all administrative remedies "in accordance with the [prison's] applicable procedural rules" before bringing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also* 42 U.S.C. § 1997e(a). As relevant here, the rules at Prowse's prison required administrative appeals to have two attachments: a description of the issue and personnel involved (Attachment I) and the warden's response to the grievance (Attachment III). The dispute here is over whether Prowse included Attachment III in the paperwork she first turned over to prison officials.

According to Prowse, she did. When prison officials failed to acknowledge receipt of her appeal within five days, she sought a status update[1] by resubmitting a copy of Attachment I with the following note: "[n]o response, I still have fear for my safety." After that point, due to what was likely a paperwork mix-up, she believes that prison officials reviewed what she submitted in reverse chronological order. So from her point of view, she exhausted her administrative remedies exactly as the prison rules required, with any breakdown on the prison's part.[2]

The defendants view the evidence differently. What must have happened, they surmise, is that Prowse originally submitted an incomplete appeal that omitted

---

[1]Prowse did not, despite what the defendants argue, forfeit this explanation by offering a different one to the district court. *See Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 891 (8th Cir. 2009) (explaining that a "shift in approach" on appeal is not the same thing as raising "a new issue").

[2]Though, as Prowse points out, she filed other grievances too, they focus on "decidedly different issue[s]," like the falsification of documents, preservation of evidence, and retaliation. *Muhammad v. Mayfield*, 933 F.3d 993, 1003 (8th Cir. 2019). For that reason, none of them could have administratively exhausted her excessive-force claim.

Attachment III. Then, realizing her mistake, she handed over a second set of papers and backdated them to make it look like they were submitted first. Under this scenario, the prison was justified in denying both appeals for exactly the reasons it gave. And for Prowse, it would mean that her administrative remedies remain unexhausted, spelling the end of her federal lawsuit. *See Woodford*, 548 U.S. at 88, 93.

Whether Prowse's lawsuit continues, in other words, comes down to which set of papers she filed first, which is a classic dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that summary judgment is not appropriate "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party"). What is needed now is a factfinder to resolve it.

In reaching this conclusion, we necessarily reject the argument that the order in which the prison stamped the papers is somehow dispositive. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (explaining that there is no genuine dispute when one side's account "is blatantly contradicted by the record"). For one thing, nothing rules out the possibility that prison officials initially misplaced Prowse's paperwork and then stamped it later. For another, what matters under the prison's rules is the order of submission, not receipt. So even assuming that prison officials *received* the paperwork in the same order they reviewed it, a "reasonable [factfinder] could [still] believe" that she fully exhausted her administrative remedies by *submitting* the one dated August 16 first. *Id.*

### III.

We accordingly reverse the judgment of the district court, remand for further proceedings, and deny the pending motion for remand as moot.

_____